UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEITH EGGUM,

        Petitioner,

v.                                    Case No. 24-cv-89-pp

GARY BOUGHTON,[1]

        Respondent.

---

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 12), DISMISSING AMENDED *HABEAS* PETITION (DKT. NO. 6), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

---

On January 22, 2024, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2244. Dkt. No. 1. The court ordered the petitioner to file an amended petition using the court's standard form as required under Civil Local Rule 9(a)(1) (E.D. Wis.). Dkt. No. 6. The petitioner did so, stating in his amended petition that he is challenging his 2015 and 2017 judgments of conviction for disorderly conduct, bail jumping and criminal damage to property. Dkt. No. 6 at 2. Magistrate Judge William E. Duffin issued a report recommending that this court dismiss the petition as untimely. Dkt. No. 12. The petitioner did not file an objection to Judge Duffin's

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner is in custody under a state-court judgment, the petition must name as the respondent the state officer who has custody of the petitioner. The court has changed the caption to reflect that Gary Boughton is the warden of the Wisconsin Secure Program Facility, where the petitioner currently is incarcerated.

1

recommendation. The court will adopt Judge Duffin's recommendation, dismiss the petition and dismiss the case.

**I.     Background**

    A.    State Cases

The petition refers to two Racine County Circuit Court cases, State v. Eggum, Case No. 2015CF228, and State v. Eggum, Case No. 2017CF767 (both available at https://wcca.wicourts.gov/). In the 2015 case, a jury found the petitioner guilty of one count of disorderly conduct and three counts of bail jumping. Eggum, Case No. 2015CF228. The court sentenced the petitioner to ninety days of confinement for disorderly conduct and two years of initial confinement and two years of extended supervision on each of the bail jumping counts, to run concurrently. Id. The court entered judgment on May 16, 2016. Id. The petitioner filed a motion for postconviction relief six months later, in November 2016. Id. The court granted the motion and directed the petitioner to be re-sentenced. Id.

At the re-sentencing, the court sentenced the petitioner to ninety days of confinement for disorderly conduct, two years of initial confinement and two years of extended supervision on the first bail jumping count, two years of initial confinement and two years of extended supervision on the second bail jumping count (consecutive to the first) and three years of initial confinement and a stayed sentence of three years of initial confinement and three years of extended supervision on the third bail jumping count (consecutive to the second if the petitioner was revoked). Id. The court entered a new judgment on

2

April 21, 2017. Id. The petitioner appealed and the Wisconsin Court of Appeals affirmed the conviction in November 2018. Id. The Wisconsin Supreme Court denied the petition for review on February 12, 2019. Id.

In the 2017 case, a jury found the petitioner guilty of one count of disorderly conduct, six counts of bail jumping and one count of criminal damage to property. Eggum, Case No. 2017CF767. The court sentenced the petitioner to one year of initial confinement and one year of extended supervision for the disorderly conduct and criminal damage to property counts (concurrent to each other and consecutive to the sentence in his 2015 case) and three years of initial confinement and three years of extended supervision for the six bail jumping counts (concurrent to each other and consecutive to the first two counts). Id. The court entered judgment on March 8, 2018. Id. The petitioner appealed and the Wisconsin Court of Appeals affirmed the conviction in October 2019. Id. The Wisconsin Supreme Court summarily dismissed the petition on January 16, 2020. Id.

The dockets reflect that the petitioner's extended supervision was revoked on both sentences on May 9, 2024. Eggum, Case Nos. 2015CF228; 2017CF767. The court has checked the Wisconsin Department of Corrections' web site, and the petitioner currently is incarcerated at the Wisconsin Secure Program Facility. https://appsdoc.wi.gov/lop/searchbasic.do (for "Keith J. Eggum, DOC #00372217").

B. *Habeas* Petitions

The petitioner filed two prior *habeas* petitions in this district challenging the same convictions. Eggum v. Boughton, Case No. 18-cv-1111; Eggum v. Hepp, Case No. 23-cv-632. The court dismissed the first petition without prejudice for the petitioner's failure to pay the filing fee or to ask to proceed without prepaying the fee. Boughton, Case No. 18-cv-1111, Dkt. Nos. 8, 9. The court dismissed the second petition without prejudice for failure to prosecute. Hepp, Case No. 23-cv-632, Dkt. No. 10.

The petitioner filed the instant petition on January 22, 2024. Dkt. No. 1. Magistrate Judge Duffin directed the petitioner to refile his petition on the court's standard *habeas* form, dkt. no. 5, and the petitioner did so, dkt. no. 6. On April 30, 2024, Judge Duffin screened the amended petition and determined that the petitioner had "plausibly" exhausted his state court remedies and that the petition was not an impermissible second or successive petition because his prior petitions were dismissed without prejudice. Dkt. No. 10 at 2. Judge Duffin found, however, that the petition was untimely. Id. at 3. Judge Duffin calculated that the petitioner's 2015 and 2017 convictions became final on May 13, 2019 and April 15, 2020, when his time to seek review in the United States Supreme Court expired. Id. at 2–3. Judge Duffin determined that the petitioner had until May 13, 2020 and April 15, 2021 to file a *habeas* petition for the 2015 and 2017 convictions respectively. Id. at 3. Because the petitioner did not file his *habeas* petition by those dates (he filed the petition three and half years after the May 13, 2020 date and two and a

4

half years after the April 15, 2021 date), Judge Duffin determined the petition was untimely. Id.

Judge Duffin ordered that the petitioner had until May 28, 2024 to show cause why the court should not dismiss his petition as untimely. Id. The petitioner filed a response on June 24, 2024. Dkt. No. 11. He stated that he and his paperwork "have been through the wringer and tumbled four or five times since our last communication" and that he was incarcerated at Dodge Correctional Institution for the seventh time for "misdemeanor reasons." Id. at 1. The petitioner continued,

> **PLEASE** let that be excuse enough to produce me in person for a redress of grievances, and maybe we can work together to convince society that justice is not found in the sporting goods at Wal-Mart . . . **Thanks** for tolerating my not so veiled contempt.

Id. (emphasis in original). The petitioner included a drawing of a cowboy on a bucking horse titled "Big Government" and captioned with "vote for freedom" and "Elect Eggum." Id. at 2. The petitioner also included a Bette Midler-themed word-search puzzle. Id. at 3.

Judge Duffin reviewed the petitioner's response and determined that it did not state good cause for him to excuse the petitioner's late filing. Dkt. No. 12 at 2. Judge Duffin issued a report recommending that this court dismiss the petition as untimely. Id. Judge Duffin's recommendation advised the petitioner that he was required to file any written objection within fourteen days of the service of Judge Duffin's recommendation, and that "[f]ailure to timely object waives a party's right to review." Id. at 2-3.

It has been over four months since Judge Duffin issued his recommendation and the petitioner has not filed an objection. The court will adopt Judge Duffin's recommendation and dismiss the petition.

**II. Analysis**

 A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 72(b)(3), if a party objects to a magistrate judge's recommendation, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 52(a)(6) states findings of fact must not be set aside by a reviewing court unless they are clearly erroneous.

 B. <u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instituted a one-year statute of limitations for petitioners seeking federal *habeas* relief. 28 U.S.C. §2244(d)(1). The one-year period begins to run from the latest of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

28 U.S.C. §2244(d)(1)(A)-(D).

Judge Duffin recommended that the court dismiss the petition as untimely. Dkt. No. 12 at 2. Judge Duffin found that the petitioner filed his petition "at least three years too late." Dkt. No. 10 at 3. After reviewing the petitioner's response to the order to show cause, Judge Duffin found that the petitioner had failed to demonstrate a reason why the court should excuse his untimely filing. Dkt. No. 12 at 2.

Judge Duffin correctly concluded that the petitioner's 2015 and 2017 convictions became final on May 13, 2019 and April 15, 2020, when his time to seek review in the United States Supreme Court expired. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002) (statute of limitations begins to run "when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ"); Supreme Court Rule 13(1). The petitioner's time for review expired on May 13, 2020 and April 15, 2021. The petitioner did not file his *habeas* petition until January 22, 2024.

The petitioner has not demonstrated that he is entitled to equitable tolling. The court may invoke the doctrine of equitable tolling where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). "A petitioner bears the burden of establishing both elements of the *Holland* test; failure to show either

element will disqualify him from eligibility for tolling." Mayberry v. Dittman, 904 F.3d 525 529-30 (7th Cir. 2018).

"The realm of equitable tolling is a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." Socha v. Boughton, 763 F.3d 674, 683 (7th Cir. 2014) (internal quotations omitted). But a petitioner must show more than just that his circumstances "may have made it more difficult for him to file a petition for habeas corpus." Carpenter v. Douma, 840 F.3d 867, 873 (7th Cir. 2016). "Incarceration alone, for example, does not qualify as an extraordinary circumstance." Socha, 763 F.3d at 685.

The petitioner's only justification for his late filing is that he and his paperwork "have been through the wringer" and that he now is reincarcerated. Dkt. No. 11 at 1. This is not sufficient to show an "extraordinary circumstance" that prevented him from timely filing. "[A] prisoner may not rely on 'expected, albeit unpredictable' delays associated with prison life in seeking equitable tolling of AEDPA's statute of limitations." Casas v. United States, 88 F. Supp. 2d 858, 861 (N.D. Ill. 1999); Moreland v. Eplett, 18 F.4th 261, 271 (7th Cir. 2021) ("[C]ommon parts of prison life" are also not considered "extraordinary" as required to toll the limitations period). Nor are the petitioner's recent troubles relevant when his deadline to file passed two and a half to three years ago.

Although the statute of limitations is an affirmative defense that should be raised by the respondent, "district courts are permitted, but not obliged, to

consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210. In Day, the Supreme Court determined that a magistrate judge's order to show cause as to why a petitioner's *habeas* petition should not be dismissed as untimely provided sufficient notice and opportunity for the petitioner to be heard before the court dismissed his petition *sua sponte*. Id.

Here, Judge Duffin gave the petitioner notice and opportunity to be heard as to the timeliness of his petition by issuing an order to show cause. The petitioner responded and raised one argument in his defense, which Judge Duffin determined was insufficient to entitle the petitioner to proceed. Under Day, that was sufficient. The court will adopt Judge Duffin's report and recommendation and dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of

9

appealability because reasonable jurists could not debate that the petitioner is not entitled to relief.

## IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Warden Gary Boughton is the correct respondent.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 12.

The court **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED**.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of November, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**